# Court of Appeals
# of the State of Georgia

ATLANTA,  July 08, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2328.  ZOE  STUART  v.  THE  PARK  AT  POPLAR  CREEK HOMEOWNERS ASSOCIATION, INC.

The Park at Poplar Creek Homeowners Association, Inc. ("the HOA"), filed a motion to enforce settlement agreement in this action it brought against Zoe Stuart and Benjamin Davis. The trial court issued an order granting the motion, making the terms of the settlement the judgment of the court, entering judgment in favor of the HOA in the amount of $28,938.77, and reserving ruling on the HOA's request for attorney fees under OCGA § 13-6-11. Stuart then filed this direct appeal. The HOA has filed a motion to dismiss the appeal, arguing that Stuart was required to comply with the interlocutory appeal procedures. We agree.

Generally, a right of direct appeal lies from only a final judgment — that is, "where the case is no longer pending in the court below." OCGA § 5-6-34(a)(1)(B). See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). "Where there is no final order, a party must comply with the rules for interlocutory appeal, which require obtaining a certificate of review from the trial court and permission from this [C]ourt to bring the appeal. OCGA § 5-6-34(b)." *Smith v. Millsap*, 369 Ga. App. 430, 436(2)(a) (893 SE2d 833) (2023). If an order reserves the issue of attorney fees under OCGA § 13-6-11, the order is not final under OCGA § 5-6-34(a)(1)(B) and compliance with the interlocutory appeal procedures is required. *Sotter v. Stephens*, 291 Ga. 79, 83–84 (727

SE2d 484) (2012).

Because the trial court's order here reserved ruling on the HOA's request for attorney fees under OCGA § 13-6-11, the order was not final, and Stuart was required to comply with the interlocutory appeal procedures. His failure to do so deprives us of jurisdiction over this appeal. Accordingly, the HOA's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/08/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*